**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL ESPINOZA GONZALEZ<br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  17-72663<br><br>Agency No. A077-076-595<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Saul Espinoza Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. §1252.  We review for substantial evidence the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Even if the extortion threats to his mother constituted changed circumstances, the record does not compel the conclusion that Espinoza Gonzalez filed his asylum application within a reasonable period of time. *See* 8 C.F.R. § 1208.4(a)(4); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (364-day delay in filing based on extraordinary circumstances not reasonable).

Substantial evidence supports the agency's conclusion that Espinoza Gonzalez failed to establish that he would be persecuted on account of a protected ground if returned to Mexico. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group") (emphasis in original). Thus, in the absence of a nexus to a protected ground, Espinoza Gonzalez's withholding of removal claim fails. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Finally, substantial evidence also supports the agency's denial of CAT relief because Espinoza Gonzalez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the Mexican government. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

17-72663

**PETITION FOR REVIEW DENIED.**